(December 20, 2011)

1 ADOLPH H. SCHREIBER HEBREW ACADEMY OF ROCKLAND, INC., Plaintiff/Counterclaim Defendant-Respondent, v SCOTT

Needleman, Defendant/Counterclaim Plaintiff, and Dorit Needleman, Defendant/Counterclaim Plaintiff-Appellant. [934 NYS2d 810]—

To prevail on a motion to vacate a default, a party is required to demonstrate both a reasonable excuse for its default and a potentially meritorious defense (*see Hospital for Joint Diseases v Dollar Rent A Car*, 25 AD3d 534 [2006]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]; *Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Czarnik v Urban*, 10 AD3d 627 [2004]). The determination of what constitutes a reasonable excuse lies within the trial court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]), and the trial court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005; *Henry v Kuveke*, 9 AD3d 476, 479 [2004]; *see also Gironda v Katzen*, 19 AD3d 644, 645 [2005]).

Here, the plaintiff/counterclaim defendant's attorney provided a credible explanation for his failure to timely serve a reply to the amended answer with counterclaims. In addition, the delay was short, only 10 days, and was neither intentional nor a part of a pattern of neglect. Moreover, the plaintiff/counterclaim defendant adequately demonstrated the existence of a potentially meritorious defense to the counterclaims asserted by the defendant/counterclaim plaintiff Dorit Needleman (hereinafter Needleman). Accordingly, it was a provident exercise of discretion to deny Needleman's motion for leave to enter a default judgment on her counterclaims, and to grant the plaintiff/counterclaim defendant's cross motion, in effect, to vacate its default and for leave to serve a late reply to the counterclaims. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.