■ HUBERT HORACE HENRY et al., Respondents, v EDWARD C.A. HARTLEY et al., Appellants. [989 NYS2d 94]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), entered May 23, 2012, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Hubert Horace Henry did not sustain

a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law by submitting sufficient evidence in admissible form to establish that the injuries allegedly sustained by the plaintiff Hubert Horace Henry (hereinafter the injured plaintiff) were not causally related to the subject accident (see Beltran v Powow Limo, Inc., 98 AD3d 1070, 1071 [2012]). The affirmed reports of the defendants' retained radiologist, A. Robert Tantleff, established that the alleged injuries to the injured plaintiff's left knee and the lumbar region of his spine were not causally related to the subject accident, but were degenerative in nature. In opposition, the plaintiffs failed to raise a triable issue of fact (see id.). The plaintiffs' expert failed to address, in a nonconclusory fashion, the issue of whether the injuries to the lumbar region of the injured plaintiff's spine and his left knee were entirely the result of degenerative changes and, thus, not causally related to the subject accident, rather than the result of trauma (see id.). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.