■ VLADIMIR SUDIT, Doing Business as VS INTERNATIONAL, Respondent, v ESTHER M. LABIN et al., Defendants, and MOSHE LEIB LAX et al., as Preliminary Executors of CHAIM LAX, Deceased, Appellants. [50 NYS3d 133]—In an action to foreclose a mortgage, the defendants Moshe Leib Lax and Zlaty Schwartz, as preliminary executors of the estate of Chaim Lax, and Citibank, N.A. as successor trustee to US Bank National Association, as trustee for MASTR Adjustable Rate Mortgages Trust 2007-HFI, Mortgage Pass-Through Certificates, Series 2007-HFI appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 11, 2015, as denied their cross motion for a default judgment on their counterclaims and granted that branch of the plaintiff's cross motion which was for leave to serve a late reply to their counterclaims.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The facts underlying this action are stated in our decision and order on a related appeal (*see Sudit v Labin*, 148 AD3d 1073 [2017] [decided herewith]), and are supplemented here only as necessary.

The plaintiff defaulted in replying to counterclaims for equitable subrogation and unjust enrichment which were asserted in the amended answer served on him by the defendants Moshe

Leib Lax and Zlaty Schwartz, as preliminary executors of the estate of Chaim Lax, and Citibank, N.A. as successor trustee to US Bank National Association, as trustee for MASTR Adjustable Rate Mortgages Trust 2007-HF1, Mortgage Pass-Through Certificates, Series 2007-HF1 (hereinafter collectively the appellants), and/or their respective predecessors in interest.

In order to successfully oppose the appellants' cross motion for leave to enter a default judgment on their counterclaims, and to prevail on that branch of his cross motion which was for leave to serve a late reply to their counterclaims, the plaintiff was required to demonstrate a reasonable excuse for his default and a potentially meritorious defense to the counterclaims (see CPLR 5015 [a] [1]; Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907 [2015]; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286 [2012]; Adolph H. Schreiber Hebrew Academy of Rockland, Inc. v Needleman, 90 AD3d 791, 792 [2011]).

Contrary to the appellants' contention, the Supreme Court providently exercised its discretion in determining that the plaintiff offered both a reasonable excuse (see Kramarenko v New York Community Hosp., 134 AD3d 770, 772 [2015]; Brinson v Pod, 129 AD3d 1005, 1009 [2015]; Suede v Suede, 124 AD3d 869, 871 [2015]), as well as a potentially meritorious defense to the counterclaims (see King v Pelkofski, 20 NY2d 326, 333-334 [1967]; Arbor Commercial Mtge., LLC v Associates at the Palm, LLC, 95 AD3d 1147, 1149-1150 [2012]; Elwood v Hoffman, 61 AD3d 1073, 1075 [2009]).

Accordingly, the Supreme Court properly denied the appellants' cross motion for a default judgment on their counterclaims, and properly granted that branch of the plaintiff's cross motion which was for leave to serve a late reply to their counterclaims. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.