Vallario v 25 W. 24th St. Flatiron, LLC (2017 NY Slip Op 02690)





Vallario v 25 W. 24th St. Flatiron, LLC


2017 NY Slip Op 02690


Decided on April 5, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-09416
 (Index No. 511504/14)

[*1]George H. Vallario, Jr., et al., respondents-appellants,
v
25 West 24th Street Flatiron, LLC, appellant-respondent, et al., defendant.


Jacob S. Feinzeig, Brooklyn, NY, for appellant-respondent.
Alexander M. Dudelson, Brooklyn, NY, for respondents-appellants.



DECISION & ORDER
In an action to retain a down payment on a stock purchase agreement, the defendant 25 West 24th Street Flatiron, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated May 28, 2015, as denied its motion for leave to enter a default judgment upon the plaintiffs' failure to reply to its counterclaims to recover damages for breach of the agreement, and the plaintiffs cross-appeal, as limited by their brief, from so much of the order as denied their cross motion, in effect, for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In July 2013, the plaintiffs and the defendant 25 West 24th Street Flatiron, LLC (hereinafter Flatiron), entered into an agreement for the sale by the plaintiffs to Flatiron of 100 shares of stock in 25 West 24th Street Realty Corp. (hereinafter the corporation). The 100 shares constituted two-thirds of the stock of the corporation.
Flatiron made a down payment of $100,000, which the plaintiffs placed in escrow. Flatiron asked for several extensions of the closing date for additional due diligence investigation. When Flatiron failed to close, the plaintiffs declared Flatiron in default and terminated the contract. Flatiron demanded return of the down payment. On December 5, 2014, the plaintiffs commenced this action to retain the down payment.
In January 2015, Flatiron counterclaimed for damages of more than $5,000,000, alleging that its due diligence revealed that the property was encumbered by numerous judgments and violations. The answer and counterclaims were served and filed on January 26, 2015.
By notice of motion dated March 10, 2015, Flatiron moved for leave to enter a default judgment upon the plaintiffs' failure to reply to its counterclaims. The plaintiffs opposed the motion and cross-moved, in effect, for summary judgment on the complaint. The plaintiffs' attorney attributed his failure to reply to the counterclaims to law office failure, based upon a mistake in the law (see Betty v City of New York, 12 AD3d 472, citing Meyerson v John A. Lynch, Inc., 29 AD2d 761). The order appealed from denied both the motion and the cross motion.
The general rule is that in order to vacate a default, a party must demonstrate a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]). However, the sufficiency of an excuse is not as significant where the default is short—such as the approximately three-week delay in this case (see Chakmakian v Maroney, 78 AD3d 1103; Giha v Giannos Enters. Inc., 69 AD3d 564). Here the delay was brief, and was neither intentional nor part of a pattern of neglect. Moreover, the plaintiffs established a potentially meritorious defense to the counterclaims. Accordingly, the denial of Flatiron's motion for leave to enter a default judgment upon the plaintiffs' failure to reply to its counterclaims was a provident exercise of discretion (see Adolph H. Schreiber Hebrew Academy of Rockland v Needleman, 90 AD3d 791).
Furthermore, in support of their cross motion, in effect, for summary judgment on the complaint, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied the cross motion, regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., AUSTIN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court