P&H Painting, Inc. v Flintlock Constr. Servs., LLC (2020 NY Slip Op 00603)





P&H Painting, Inc. v Flintlock Constr. Servs., LLC


2020 NY Slip Op 00603


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-13485
 (Index No. 61387/17)

[*1]P & H Painting, Inc., respondent, 
v
Flintlock Construction Services, LLC, appellant.


Hollander Law Group, PLLC, Great Neck, NY (Michael R. Strauss of counsel), for appellant.
Andrew Greene & Associates, P.C., White Plains, NY (Clifford L. Davis of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated November 15, 2017. The order denied the defendant's motion pursuant to CPLR 317 and 5015(a) to vacate a judgment of the same court entered October 5, 2017, upon its failure to appear or answer the complaint, and to compel the plaintiff to accept its late answer.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the defendant's motion to vacate the judgment and to compel the plaintiff to accept its late answer is granted, and the verified answer is deemed timely served.
On or about August 3, 2017, the plaintiff, a subcontractor, commenced this action against the defendant, a general contractor, to recover damages for, among other things, breach of contract. According to the affidavits of service, the plaintiff served the defendant on August 7, 2017, by delivering copies of the summons and complaint to the Secretary of State and by sending a copy of the summons and complaint to the defendant by first-class mail on August 15, 2017. The defendant's time to answer expired on or about September 6, 2017.
On or about September 26, 2017, the plaintiff moved for leave to enter a default judgment, and on October 5, 2017, a default judgment was entered. Less than two weeks later, the defendant moved pursuant to CPLR 317 and 5015(a) to vacate the default judgment and to compel the plaintiff to accept its late answer. The Supreme Court denied the defendant's motion, and the defendant appeals.
Although the general rule is that in order to vacate a default, a party must demonstrate a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]), the sufficiency of an excuse is not as significant where the default is only a short period (see Vallario v 25 W. 24th St. Flatiron, LLC, 149 AD3d 791, 792-793; Chakmakian v Maroney, 78 AD3d 1103, 1104).
Here, the less than six-week delay between when the defendant's time to answer expired and when the defendant moved to vacate the default judgment is brief, and the plaintiff does not allege that the defendant's default was intentional or part of a pattern of neglect (see Vallario v 25 W. 24th St. Flatiron, LLC, 149 AD3d at 793). Moreover, in light of the lack of prejudice to the plaintiff resulting from the defendant's short delay in appearing and seeking to answer the complaint, the existence of a potentially meritorious defense, and the strong public policy favoring resolution of cases on the merits, the Supreme Court should have granted the defendant's motion to vacate its default and to compel the plaintiff to accept the late answer (see Merchants Ins. Group v Hudson Val. Fire Protection Co., Inc., 72 AD3d 762, 764).
In light of our determination, we need not reach the parties' remaining contentions.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court