U.S. Bank N.A. v Gordon (2022 NY Slip Op 00897)





U.S. Bank N.A. v Gordon


2022 NY Slip Op 00897


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-00344
 (Index No. 709001/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Steve Gordon, et al., appellants, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Steve Gordon and Ashia Gordon appeal from an order of the Supreme Court, Queens County (Salvatore Modica, J.), entered December 11, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to compel acceptance of its late reply to those defendants' counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 29, 2017, the plaintiff commenced this action against the defendants Steve Gordon and Ashia Gordon (hereinafter together the defendants), among others, to foreclose a mortgage on residential property located in Queens. The defendants interposed an answer containing two counterclaims, one pursuant to Real Property Law § 282 for attorney's fees and one pursuant to RPAPL 1501(4) to cancel and discharge the mortgage on the ground that the action was time-barred. The plaintiff failed to timely reply to the counterclaims. Thereafter, the plaintiff moved, inter alia, to dismiss the counterclaims or, alternatively, to compel the defendants to accept its late reply to the counterclaims. The plaintiff annexed to its motion papers, inter alia, a reply to the counterclaims, which was verified by the plaintiff's counsel. The defendants opposed the motion. In an order entered December 11, 2018, the Supreme Court denied that branch of the motion which was to dismiss the counterclaims but granted that branch of the motion which was to compel acceptance of the plaintiff's late reply to the counterclaims. The defendants appeal.
In seeking to vacate a default in serving a reply to counterclaims, a party must establish both a reasonable excuse for its delay in replying and a potentially meritorious defense to the counterclaims (see CPLR 3012[d]; Sudit v Labin, 148 AD3d 1078, 1079; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286). Where a party asserts law office failure as an excuse, "it must provide 'a detailed and credible explanation of the default'" (People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d at 1286, quoting Kohn v Kohn, 86 AD3d 630, 630).
Here, the plaintiff's attorney provided a detailed and credible explanation for the plaintiff's failure to timely serve a reply to the counterclaims (see People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d at 1286; Adolph H. Schreiber Hebrew Academy of Rockland, Inc. v [*2]Needleman, 90 AD3d 791, 792). Moreover, the plaintiff set forth potentially meritorious defenses to the counterclaims. In particular, with respect to the counterclaim pursuant to RPAPL 1501(4) to cancel and discharge the mortgage on the ground that the action was time-barred, the plaintiff submitted evidence that the defendants' claim that the action was time-barred had already been adjudicated and found to be without merit.
Ordinarily, a party seeking to vacate a default in answering or replying cannot demonstrate a potentially meritorious defense by submitting an answer or reply verified only by an attorney and an affirmation by an attorney who does not have personal knowledge of the facts (see Loughran v Giannoti, 160 AD3d 709, 710; State Farm Mut. Auto. Ins. Co. v Austin Diagnostic Med., P.C., 153 AD3d 576). Contrary to the defendants' contention, however, under the circumstances of this case, the plaintiff's submission of a reply verified by its attorney and an affirmation by the attorney was not fatal to the plaintiff's motion.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to compel acceptance of its late reply to the defendants' counterclaims.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court