Tamar v Allstate Dismantling Corp. (2023 NY Slip Op 03721)

Tamar v Allstate Dismantling Corp.

2023 NY Slip Op 03721

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-05227
 (Index No. 518189/17)

[*1]Berta Tamar, appellant, 
v
Allstate Dismantling Corp., et al., respondents.

Law Offices of Regis A. Gallet, LLC, Forest Hills, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Scott H. Stopnik of counsel), for respondents Allstate Dismantling Corp. and Jose Rivera.
DeSena & Sweeney, LLP, Bohemia, NY (Shawn P. O'Shaughnessy of counsel), for respondent Lazar Abramov.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated June 28, 2021. The order granted the separate motions of the defendant Lazar Abramov, and the defendants Allstate Dismantling Corp. and Jose Rivera for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendant Lazar Abramov, and the defendants Allstate Dismantling Corp. and Jose Rivera separately moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated June 28, 2021, the Supreme Court granted the separate motions. The plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendants established, prima facie, that her injuries were degenerative in nature and not caused by the accident. Contrary to the plaintiff's contention, she failed to raise a triable issue of fact in opposition as to whether the injuries to her spine, left shoulder, and left knee were degenerative in nature and not caused by the accident. The plaintiff's experts failed to address, in a nonconclusory fashion, the defendants' medical evidence demonstrating that the injuries to these body parts were degenerative in nature and not caused by the accident (see Henry v Hartley, 119 AD3d 528, 529; see also Amirova v JND Trans, Inc., 206 AD3d 601, 602; Mnatcakanova v Elliot, 174 AD3d 798, 800; Zavala v Zizzo, 172 AD3d 793, 794).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted the separate motions of Abramov, and Allstate Dismantling Corp. and Rivera for summary judgment dismissing the complaint insofar as asserted against each of them.
IANNACCI, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court