Pizzarotti, LLC v CabGram Dev., LLC (2023 NY Slip Op 04602)

Pizzarotti, LLC v CabGram Dev., LLC

2023 NY Slip Op 04602

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-07130
 (Index No. 525068/19)

[*1]Pizzarotti, LLC, appellant,
v
CabGram Developer, LLC, respondent.

Amos Weinberg (Lynn Gartner Dunne, LLP, Mineola, NY [Kenneth L. Gartner], of counsel), for appellant.
Rich, Intelisano & Katz, LLP, New York, NY (Daniel E. Katz and Daniel J. Swayze of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and on an account stated, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated August 13, 2020. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 5015(a) to vacate a clerk's judgment dated January 2, 2020, in favor of the plaintiff and against the defendant in the total sum of $2,334,243.75, entered upon the defendant's failure to appear or answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 15, 2019, the plaintiff commenced this action against the defendant to recover damages for breach of contract and on an account stated. The plaintiff served the defendant on November 25, 2019, by delivering copies of the summons and complaint to the Secretary of State and by sending a copy of the summons and complaint to the defendant by first-class mail on November 26, 2019. The defendant's time to answer expired on or about December 26, 2019.
On January 2, 2020, a clerk's judgment in favor of the plaintiff and against the defendant in the total sum of $2,334,234.75 was issued upon the defendant's failure to appear or answer the complaint. On February 11, 2020, the defendant moved pursuant to CPLR 5015(a) to vacate the clerk's judgment. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
Although the general rule is that in order to vacate a default, a party must demonstrate a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]), the sufficiency of an excuse is not as significant where the default is only a short period (see P & H Painting, Inc. v Flintlock Constr. Servs., LLC, 179 AD3d 1086, 1087). Here, the less than seven-week delay between when the defendant's time to answer expired and when the defendant moved to vacate the clerk's judgment is brief, and there is no evidence that the defendant's default was intentional or part of a pattern of neglect. Moreover, in light of the lack of prejudice to the plaintiff resulting from the defendant's short delay in appearing and seeking to answer the complaint, the [*2]existence of a potentially meritorious defense, and the strong public policy favoring resolution of cases on the merits, the Supreme Court providently exercised its discretion in granting the defendant's motion to vacate the clerk's judgment entered upon its default (see id. at 1087).
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court