GITSIT Solutions, LLC v Azcuy (2025 NY Slip Op 05670)

GITSIT Solutions, LLC v Azcuy

2025 NY Slip Op 05670

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2023-12455
 (Index No. 31081/22)

[*1]GITSIT Solutions, LLC, etc., appellant,
v
Christopher Azcuy, et al., respondents, et al., defendants.

McGovern & Amodio LLC, White Plains, NY (Michael P. Amodio of counsel), for appellant.
Legal Aid Society of Rockland County, Inc., New City, NY (Derek S. Tarson of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Amy S. Puerto, J.), dated October 13, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendants Christopher Azcuy and Susan Gayle Cohen which were for summary judgment dismissing the complaint insofar as asserted against them and for leave to enter a default judgment on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and denied the plaintiff's cross-motion pursuant to CPLR 3012(d) to extend its time to serve a reply to the counterclaim and pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action for equitable subrogation and to recover damages for unjust enrichment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 22, 2005, the defendants Christopher Azcuy and Susan Gayle Cohen (hereinafter together the defendants) executed a note in favor of HSBC Mortgage Corporation (USA) (hereinafter HSBC), which was secured by a mortgage on certain real property located in Haverstraw. In August 2012, HSBC commenced an action (hereinafter the 2012 action) against the defendants, among others, to foreclose the mortgage. In the complaint in the 2012 action, HSBC elected to accelerate the entire mortgage debt. In 2016, HSBC moved to discontinue the 2012 action, and in an order dated March 25, 2016, the motion was granted.
On April 22, 2016, Federal National Mortgage Association (hereinafter FNMA) commenced a second action to foreclose the mortgage (hereinafter the 2016 action). By so-ordered stipulation dated October 28, 2019, the 2016 action was dismissed without prejudice based on FNMA's failure to prove the conditions precedent to foreclosure required by RPAPL 1304.
In March 2022, the plaintiff commenced the instant action to foreclose the mortgage. The defendants interposed an answer with various affirmative defenses, including the expiration of the statute of limitations, and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In April 2023, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them as time-barred and for leave to enter a default judgment on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff opposed the motion, contending, among other things, that the voluntary discontinuance of the 2012 action was a revocation of the acceleration of the mortgage debt, that the statute of limitations for the instant foreclosure action began to run on April 22, 2016, when the 2016 action was filed, that the instant foreclosure action, which was filed within six years of the acceleration of the mortgage debt, was timely, and that the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]) was not intended to apply retroactively. The plaintiff also cross-moved pursuant to CPLR 3012(d) to extend its time to serve a reply to the counterclaim and pursuant to CPLR 3025(b) for leave to amend the complaint to add causes of action for equitable subrogation and to recover damages for unjust enrichment. In an order dated October 13, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals. We affirm.
"In seeking to vacate a default in serving a reply to counterclaims, a party must establish both a reasonable excuse for its delay in replying and a potentially meritorious defense to the counterclaims" (U.S. Bank N.A. v Gordon, 202 AD3d 871; see CPLR 3012[d]; Sudit v Labin, 148 AD3d 1078, 1079). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792; see Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d 991, 993). "Although a court has the discretion to accept law office failure as a reasonable excuse for a party's default (see CPLR 2005), such default[ ] should not be routinely excused, and 'mere neglect is not a reasonable excuse'" (Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d at 993, quoting OneWest Bank, FSB v Singer, 153 AD3d 714, 716). Further, "[a] conclusory, undetailed and uncorroborated claim of law office failure does not amount to a reasonable excuse" (Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 786 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff's claim of law office failure did not constitute a reasonable excuse for its default in replying to the defendants' counterclaim. The plaintiff's attorney offered only the undetailed statement that "my office failed to recognize the 'counterclaim' as such" as an explanation for the plaintiff's default. However, in the answer, under a heading stating "other facts concerning my mortgage, your home, or other defenses or counter claims," the defendants wrote that they were asserting "a counterclaim" under RPAPL 1501(4). As such, the plaintiff's proffered excuse amounted to mere neglect (see Wilmington Sav. Fund Socy., FSB v Helal, 211 AD3d at 993; Bank of Am., N.A. v Murjani, 199 AD3d 630, 631). Since the plaintiff failed to demonstrate a reasonable excuse for its default, it is unnecessary to consider whether the plaintiff demonstrated a potentially meritorious defense to the counterclaim (see Citimortgage, Inc. v Sparozic, 223 AD3d 867, 869).
The Supreme Court also providently exercised its discretion in denying the plaintiff leave to amend its complaint to add causes of action for equitable subrogation and to recover damages for unjust enrichment. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading 'are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]). "A motion for leave to amend a complaint or other pleading to add a cause of action or theory of recovery that is time-barred under the applicable statute of limitations is 'patently devoid of merit'" (Deutsche Bank Natl. Trust Co. v McAvoy, 188 AD3d 808, 810, quoting Schwartz v Walter, 171 AD3d 969, 970).
"'A cause of action seeking to establish a lien pursuant to . . . the doctrine of equitable subrogation is governed by a six-year statute of limitations'" (Deutsche Bank Natl. Trust Co. v Weinfeld, 227 AD3d 662, 663, quoting Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 670). Here, the cause of action for equitable subrogation accrued no later than November 22, 2005, when the mortgage and note were executed (Wells Fargo Bank, N.A. v Burke, 155 AD3d at 670). Thus, the cause of action for equitable subrogation, which was asserted in 2023, was untimely (see Deutsche Bank Natl. Trust Co. v Weinfeld, 227 AD3d at 663; Wells Fargo Bank, N.A. v Burke, 155 AD3d at [*2]670).
"A cause of action alleging unjust enrichment is also governed by the six-year statute of limitations of CPLR 213(1) and begins to run upon the occurrence of the alleged wrongful act giving rise to the duty of restitution" (U.S. Bank N.A. v Salem, 164 AD3d 1289, 1290; see Williams-Guillaume v Bank of Am., N.A., 130 AD3d 1016). Here, with respect to so much of the plaintiff's proposed unjust enrichment cause of action as was premised upon the defendants' alleged use of the mortgage to extinguish a different mortgage lien on the property, that cause of action accrued in November 2005 upon the occurrence of the alleged wrongful act giving rise to the duty of restitution (see Williams-Guillaume v Bank of Am., N.A., 130 AD3d at 1017).
To the extent that the proposed unjust enrichment cause of action was premised upon allegations regarding the plaintiff's alleged payments of various expenses between January 2012 and April 2023, including taxes and property insurance, and those later-accrued allegations are not time-barred, those allegations nevertheless are patently insufficient. The voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526). As the plaintiff has not alleged that it paid the alleged expenses "accidentally or mistakenly, or that it was induced to do so by fraud" (Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989, 991-992; cf. Suntrust Mtge., Inc. v Mooney, 113 AD3d 836, 837), the voluntary payment doctrine bars the plaintiff's unjust enrichment cause of action to the extent it was premised upon the payment of real estate taxes, property insurance, and any other similar expenses.
Moreover, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred. An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Unger, 230 AD3d 827, 828). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see U.S. Bank N.A. v Unger, 230 AD3d at 828). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (U.S. Bank N.A. v Unger, 230 AD3d at 828 [internal quotation marks omitted]).
Prior to the enactment of FAPA, pursuant to Freedom Mtge. Corp. v Engel (37 NY3d 1), "when a bank effectuated an acceleration via the commencement of a foreclosure action, a voluntary discontinuance of that action . . . constitute[d] a revocation of that acceleration" (id. at 31). FAPA, enacted at the end of 2022, effectively nullified Engel by amending CPLR 3217, governing the voluntary discontinuance of an action, to add a new paragraph (e), which provides that "[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute" (id.; see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067).
Applying FAPA here, the voluntary discontinuance of the 2012 action did not serve to de-accelerate the mortgage debt or to revive or reset the statute of limitations (see CPLR 3217[e]; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1067; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1041). Accordingly, as the plaintiff commenced this action in March 2022, more than six years after the mortgage debt was initially accelerated, this action was time-barred (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1067).
Contrary to the plaintiff's contention, the Legislature, in directing that the law "shall apply to all actions commenced on an instrument described under subdivision four of section two hundred thirteen of the civil practice law and rules in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch. 821 § 10), intended that the statute be applied to the circumstances herein (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1068; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1042; U.S. Bank N.A. v Lynch, 233 AD3d 113, 116-[*3]117; Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 45).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court