U.S. Bank N.A. v Salvodon (2020 NY Slip Op 07243)





U.S. Bank N.A. v Salvodon


2020 NY Slip Op 07243


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-04169
 (Index No. 514009/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Clifton Salvodon, et al., defendants, Naudia Vassell, respondent.


McCalla Raymer Liebert Pierce, LLC, New York, NY (Anthony J. Risalvato of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 28, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Naudia Vassell and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On October 31, 2006, the defendant Clifton Salvodon executed a note wherein he agreed to pay the principal amount of $460,000 to Countrywide Bank N.A. The note was secured by a mortgage given by Salvodon and the defendant Naudia Vassell (hereinafter the defendant), encumbering certain real property. On June 28, 2007, upon Salvodon's default under the terms of the loan, Countrywide Bank FSB, formerly known as Countrywide Bank N.A. (hereinafter Countrywide), commenced an action to foreclose the mortgage against Salvodon, the defendant, and others (hereinafter the 2007 foreclosure action). The complaint in that action alleged, in relevant part, that "[m]ore than thirty (30) days have elapsed" since the borrower's default and that the "plaintiff has elected . . . to declare immediately due and payable the entire unpaid balance of principal." By order dated October 8, 2013, the complaint was dismissed because Countrywide failed to appear at a settlement conference.
On July 20, 2017, the plaintiff, as assignee of the note and mortgage, commenced the instant foreclosure action. The defendant interposed an answer wherein she asserted as an affirmative defense, inter alia, that the action was barred by the statute of limitations. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred. In an order dated January 28, 2019, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Acceleration of a mortgage debt occurs, inter alia, by the commencement of a foreclosure action which invokes that relief (see Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844; Milone v US Bank N.A., 164 AD3d 145, 152). Where the plaintiff, however, lacks standing to foreclose, the mortgage loan is not accelerated by the commencement of such an action (see Milone v US Bank N.A., 164 AD3d at 153).
Here, in support of her cross motion, the defendant established, prima facie, that the six-year statute of limitations (see CPLR 213[4]) began to run on the entire debt in June 2007, when Countrywide commenced the 2007 foreclosure action seeking to recover the entire unpaid loan balance (see Bank of N.Y. Mellon v Alli, 175 AD3d 1472, 1473; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935). Since the plaintiff did not commence the instant action until July 20, 2017, the defendant met her initial burden of demonstrating, prima facie, that the instant action was untimely (see Milone v US Bank N.A., 164 AD3d at 153; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935). The burden then shifted to the plaintiff to present admissible evidence establishing that the action was timely or to raise a triable issue of fact with respect thereto (see U.S. Bank, N.A. v Kess, 159 AD3d 767, 768).
In opposition, the plaintiff's sole argument was that the loan was never successfully accelerated by the 2007 foreclosure action because final judgment was not entered in that action. On appeal, the plaintiff has abandoned that argument, instead contending that the loan was not accelerated because Countrywide did not have standing to commence the 2007 foreclosure action and because the defendant failed to establish that Countrywide served a notice of default as required under the terms of the mortgage agreement prior to commencing the 2007 foreclosure action. However, those arguments, raised for the first time on appeal, are not properly before this Court (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1031).
Accordingly, we agree with the Supreme Court's determination granting the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred and denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court