Bank of N.Y. Mellon v Silverberg (2022 NY Slip Op 00163)





Bank of N.Y. Mellon v Silverberg


2022 NY Slip Op 00163


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2017-09292
 (Index No. 62904/14)

[*1]Bank of New York Mellon, etc., respondent, 
v
Stephen Silverberg, also known as Stephen C. Silverberg, et al., appellants, et al., defendants.


Stephen C. Silverberg, PLLC, Uniondale, NY (Stephen C. Silverberg, named herein as Stephen Silverberg, also known as Stephen C. Silverberg, pro se of counsel), for appellants.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Stephen Silverberg, also known as Stephen C. Silverberg, and Fredrica Silverberg appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated November 23, 2016. The order denied those defendants' motion pursuant to CPLR 3211(a) and 3012-b to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In April 2014, the plaintiff commenced this action against the defendants Stephen Silverberg, also known as Stephen C. Silverberg, and Fredrica Silverberg (hereinafter together the defendants), among others, to foreclose a consolidated mortgage on real property located in Greenlawn. The defendants moved pursuant to CPLR 3211(a) and 3012-b to dismiss the complaint insofar as asserted against them. In an order dated November 23, 2016, the Supreme Court denied the motion, and the defendants appeal.
The Supreme Court providently exercised its discretion in denying dismissal of the complaint insofar as asserted against the defendants on the ground that the summons was jurisdictionally defective because it was not signed. The summons as filed was in proper form (see CPLR 305), and the defendants failed to show that they suffered any confusion or prejudice on
account of the summons being unsigned (see CPLR 2001; Grskovic v Holmes, 111 AD3d 234, 241). The defendants also failed to establish that either the summons or the complaint, which was signed, was frivolous (see 22 NYCRR 130-1.1[c]; Cardo v Board of Mgrs., Jefferson Vil. Condo 3, 29 AD3d 930, 931; Pronti v Hogan, 278 AD2d 841). Furthermore, the omission of a signature on the summons was promptly remedied by the plaintiff (see Matter of Harvey S., 38 AD3d 908).
The Supreme Court properly denied dismissal of the complaint insofar as asserted against the defendants for lack of personal jurisdiction. Contrary to the defendants' contention, the affidavits of service of the plaintiff's process server constituted prima facie evidence of valid service pursuant to CPLR 308(1) (see Wells Fargo Bank, NA v Spaulding, 177 AD3d 817). The affirmation [*2]submitted by the defendants in support of their motion was factually insufficient to rebut the affidavits of service and establish that the defendants were not properly served (see City of New York v Miller, 72 AD3d 726).
Finally, the Supreme Court properly denied dismissal of the complaint insofar as asserted against the defendants on the ground that the plaintiff willfully failed to annex certain underlying promissory notes and assignments of mortgage to the certificate of merit in violation of CPLR 3012-b. CPLR 3012-b(a) provides, in relevant part, that "the complaint shall be accompanied by a certificate, signed by the attorney for the plaintiff, certifying that the attorney has reviewed the facts of the case and that, based on consultation with representatives of the plaintiff identified in the certificate and the attorney's review of pertinent documents, . . . to the best of such attorney's knowledge, information and belief there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under such documents." "CPLR 3012-b authorizes, but does not require, dismissal of the action, 'without prejudice,' as a sanction for the 'willful[ ]' failure to provide copies of the necessary documents at the time of the filing of the complaint" (Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1066, quoting CPLR 3012-b[e]). Here, the record does not establish a willful violation of CPLR 3012-b inasmuch as the plaintiff annexed the consolidated note endorsed in blank and the consolidation, extension, and modification agreement to both the complaint and the certificate of merit, and the certificate of merit provided that the plaintiff's counsel reviewed the pertinent loan documents and consulted with a representative of the plaintiff's loan servicer (see CPLR 3012[b). To the extent the defendants argued that the plaintiff failed to annex certain underlying promissory notes and assignments of mortgage to the certificate of merit because doing so would demonstrate the plaintiff's alleged lack of standing, we note that "the obligation imposed by . . . [CPLR] 3012-b is not an evidentiary one as to the ultimate merits of an action" (Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 87).
Accordingly, the Supreme Court properly denied the defendants' motion to dismiss the complaint insofar as asserted against them.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court