Wells Fargo Bank, NA v Daniel (2022 NY Slip Op 02155)





Wells Fargo Bank, NA v Daniel


2022 NY Slip Op 02155


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2019-04427
2019-04428
 (Index No. 605788/16)

[*1]Wells Fargo Bank, NA, respondent, 
v
Jean R. Daniel, et al., appellants, et al., defendants.


Jean R. Daniel, Mount Sinai, NY, and Niquette Daniel, Mount Sinai, NY, appellants pro se (one brief filed).
Reed Smith LLP, New York, NY (Michael V. Margarella and Andrew B. Messite of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Jean R. Daniel and Niquette Daniel appeal from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 28, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated January 28, 2019. The order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied those defendants' cross motion to reject the referee's report. The order and judgment of foreclosure and sale, inter alia, granted and denied the same relief as the order and directed the sale of the subject property.



DECISION & ORDER
Motion by the plaintiff, inter alia, to dismiss the appeal from the order and judgment of foreclosure and sale on the ground that the order and judgment of foreclosure and sale was vacated by an order of the same court dated December 20, 2019. By decision and order on motion of this Court dated June 4, 2021, that branch of the motion which is to dismiss the appeal from the order and judgment of foreclosure and sale was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeal from the order and judgment of foreclosure and sale is granted; and it is further,
ORDERED that the appeal from the order and judgment of foreclosure and sale is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal from the order is dismissed, without costs or disbursements, as it was superseded by the order and judgment of foreclosure and sale.
In this mortgage foreclosure action, in the order appealed from, dated January 28, 2019, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a [*2]judgment of foreclosure and sale, and denied the cross motion of the defendants Jean R. Daniel and Niquette Daniel (hereinafter together the defendants) to reject the referee's report. In an order and judgment of foreclosure and sale of the same date, the court granted and denied the same relief and directed the sale of the subject property.
However, upon the plaintiff's November 2019 motion, the Supreme Court, by order dated December 20, 2019, vacated the order and judgment of foreclosure and sale.
The appeal from the order must be dismissed, as the order was superseded by the order and judgment of foreclosure and sale (see Wilmington Trust Co. v Prashad, 199 AD3d 1042; Woodmere Rehabilitation & Health Care Ctr., Inc. v Zafrin, 197 AD3d 1263; Matter of Park Residence Condos, LLC v 348 13th St., LLC, 189 AD3d 1249). The appeal from the order and judgment of foreclosure and sale has been rendered academic, as it was vacated by the order dated December 20, 2019, and accordingly, we dismiss the appeal from the order and judgment of foreclosure and sale (see Matter of Satchell v Satchell, 49 AD3d 655; Matter of Martin v Rolley, 22 AD3d 998; Fidata Trust Co. Mass. v Leahy Bus. Archives, 187 AD2d 270; Matter of Schweig v Waltzer, 279 App Div 990).
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court