U.S. Bank N.A. v Bhimsen (2022 NY Slip Op 03920)

U.S. Bank N.A. v Bhimsen

2022 NY Slip Op 03920

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2019-08093
 (Index No. 505163/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Lilowtie Bhimsen, respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles H. Jeanfreau of counsel), for appellant.
Berg & David PLLC, Brooklyn, NY (Sholom Wohlgelernter and Abraham David of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated May 15, 2019. The order and judgment, upon an order of the same court dated April 2, 2019, inter alia, granting those branches of the cross motion of the defendant Lilowtie Bhimsen which were for summary judgment dismissing the complaint insofar as asserted against that defendant and for leave to enter a default judgment on that defendant's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, granted that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against that defendant and canceled and discharged of record the subject mortgage.
ORDERED that the order and judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, those branches of the cross motion of the defendant Lilowtie Bhimsen which were for summary judgment dismissing the complaint insofar as asserted against that defendant and for leave to enter a default judgment on that defendant's counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage are denied, and the order dated April 2, 2019, is modified accordingly.
In January 2006, the defendant Lilowtie Bhimsen (hereinafter the defendant) borrowed the sum of $518,500 from WMC Mortgage Corp. The loan was secured by a mortgage on certain real property located in Brooklyn. On September 4, 2007, LaSalle Bank, N.A. (hereinafter LaSalle Bank), commenced an action to foreclose the mortgage (hereinafter the 2007 action), but shortly thereafter it voluntarily discontinued the 2007 action.
On January 2, 2008, LaSalle Bank commenced a second action to foreclose the mortgage (hereinafter the 2008 action). In an order dated September 17, 2013, the Supreme Court directed dismissal of the complaint in the 2008 action as abandoned. In the interim, the mortgage was assigned to the plaintiff.
On March 15, 2017, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendant defaulted on the loan by failing to make the payments due on May 1, [*2]2011, and thereafter. The defendant interposed an answer asserting various affirmative defenses and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. After the matter was released from the mandatory foreclosure settlement part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and counterclaim, and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the defendant and for leave to enter a default judgment on the defendant's counterclaim pursuant to RPAPL 1501(4).
In an order dated April 2, 2019, the Supreme Court, inter alia, denied the plaintiff's motion and granted those branches of the defendant's cross motion which were for summary judgment dismissing the complaint insofar as asserted against the defendant and for leave to enter a default judgment on the defendant's counterclaim. In an order and judgment dated May 15, 2019, the court, upon the order dated April 2, 2019, granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant and canceled and discharged of record the mortgage. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). In the case of an installment loan, a separate cause of action accrues as to each missed payment, but once the debt is accelerated, the limitations period begins to run on the entire debt (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070).
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985).
Here, the defendant established, prima facie, that the mortgage debt was accelerated on January 2, 2008, when LaSalle Bank commenced the 2008 action and elected to call due the entire amount secured by the mortgage, and that, accordingly, the statute of limitations expired six years later, on January 2, 2014. Since the defendant established that the commencement of this action in 2017 would be time-barred, the defendant established, prima facie, the defendant's entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the defendant (see Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989).
In opposition, however, the plaintiff raised a triable issue of fact as to whether it timely revoked its election to accelerate the debt (see HSBC Bank USA, N.A. v Hochstrasser, 193 AD3d 915; cf. HSBC Bank USA, N.A. v Michael, 191 AD3d 850). The plaintiff proffered an affidavit of Christine Lozano, a vice president of its loan servicer, who averred that on December 27, 2013, the plaintiff mailed the defendant a notice advising the defendant of the de-acceleration of the loan. Annexed to the affidavit was a letter dated December 27, 2013, addressed to the defendant at the subject property, which clearly and unequivocally indicated that the acceleration was revoked and the loan was returned to installment status. Although the defendant contends that the plaintiff failed to establish that the notice was mailed to the defendant in accordance with the terms of the mortgage, "a party cannot succeed on a motion for summary judgment by simply pointing out gaps in the opposing party's case" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 24). Furthermore, although a "mere denial of receipt is insufficient to 'win the day' in motion practice" (id. at 23), we note that, here, the defendant has not even denied receipt of the de-acceleration notice.
The defendant's contention that the action was time-barred because the mortgage was accelerated on September 4, 2007, when LaSalle Bank commenced the 2007 action, is without merit, [*3]because LaSalle Bank revoked the acceleration by voluntarily discontinuing the 2007 action (see Freedom Mtge. Corp. v Engel, 37 NY3d 1). Accordingly, the Supreme Court should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant.
Moreover, the Supreme Court should have denied that branch of the defendant's cross motion which was for leave to enter a default judgment on the counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage (see CPLR 5015[a][1]; Sudit v Labin, 148 AD3d 1078; Maurice v Maurice, 78 AD3d 792).
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court