HSBC Bank USA, N.A. v Waldman (2022 NY Slip Op 06119)

HSBC Bank USA, N.A. v Waldman

2022 NY Slip Op 06119

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-11529
2020-03676
 (Index No. 506322/18)

[*1]HSBC Bank USA, N.A., appellant,
v
Chana Waldman, respondent, et al., defendants.

Phillips Lytle LLP, Buffalo, NY (Preston L. Zarlock and Patricia M. Pirri of counsel), for appellant.
Berg & David PLLC, Brooklyn, NY (Abraham David and Sholom Wohlgelernter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 20, 2019, and (2) a judgment of the same court dated February 20, 2020. The order denied the plaintiff's motion, inter alia, to strike the answer of the defendant Chana Waldman for failure to comply with discovery demands, and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. The judgment, upon the order, dismissed the complaint insofar as asserted against the defendant Chana Waldman and cancelled and discharged of record the subject mortgage.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Chana Waldman.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On July 21, 2009, the plaintiff's predecessor in interest commenced an action to foreclose a mortgage on a residential condominium unit located in Brooklyn against, among others, the defendant Chana Waldman based on her alleged default under the terms of a note and the mortgage. In an order dated April 26, 2016, the Supreme Court, inter alia, directed dismissal of the complaint in that action for failure to comply with RPAPL 1303.
On March 29, 2018, the plaintiff commenced this action to foreclose the mortgage. Waldman answered the complaint, asserting as an affirmative defense, among other things, that the [*2]action was barred by the statute of limitations, and interposing a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
The plaintiff moved to strike Waldman's answer or, alternatively, to conditionally preclude her from offering any testimony or evidence in support of her defenses and counterclaim, based on her failure to respond to the plaintiff's discovery demands. Waldman cross-moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. By order dated September 20, 2019, the Supreme Court denied the plaintiff's motion and granted Waldman's cross motion. On February 20, 2020, a judgment was issued dismissing the complaint insofar as asserted against Waldman and cancelling and discharging of record the mortgage. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). For a mortgage payable in installments, there are separate causes of action for each unpaid installment, and the statute of limitations begins to run on the date each installment becomes due (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (id. at 982, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867).
Here, in support of her cross motion, Waldman established that the six-year statute of limitations began to run on the entire debt on July 21, 2009, when the plaintiff's predecessor in interest commenced the prior action to foreclose the mortgage (see U.S. Bank N.A. v Salvodon, 189 AD3d 925, 926; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807). Since the plaintiff did not commence this action until March 29, 2018, more than eight years after the debt was accelerated, Waldman demonstrated, prima facie, that this action was untimely (see U.S. Bank N.A. v Salvodon, 189 AD3d at 926; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the loan was validly accelerated (see Everhome Mtge. Co. v Aber, 195 AD3d 682, 686), or whether the election to accelerate the loan was revoked (see MLB Sub I, LLC v Clark, 201 AD3d 925, 927; Milone v U.S. Bank N.A., 164 AD3d 145, 153).
The plaintiff's motion to strike Waldman's answer or, alternatively, to conditionally preclude her from offering any testimony or evidence in support of her defenses and counterclaim, based on her failure to respond to the plaintiff's discovery demands, was properly denied (see Race v Village of Brewster, 185 AD3d 1071, 1072; Paul v Village of Quogue, 178 AD3d 942, 944).
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court