Sycp, LLC v Evans (2023 NY Slip Op 03033)

Sycp, LLC v Evans

2023 NY Slip Op 03033

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-02213
2020-03180
 (Index No. 514691/18)

[*1]SYCP, LLC, appellant, 
v
Terrence Evans, respondent, et al., defendants.

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Megan K. McNamara and Rajdai D. Singh of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 22, 2020, and (2) an order and judgment (one paper) of the same court dated March 2, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendant Terrence Evans which were for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. The order and judgment, in effect, granted those branches of the motion of the defendant Terrence Evans which were for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and canceled and discharged of record the subject mortgage.
ORDERED that the appeal from the order is dismissed; and its is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Terrence Evans.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On July 9, 2009, the defendant Terrence Evans executed a note in the amount of $464,000, which was secured by a mortgage on real property located in Brooklyn. On February 17, 2010, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's predecessor in interest, commenced an action to foreclose the mortgage against Evans, among others, and, in the complaint, elected to accelerate the mortgage debt (hereinafter the 2010 action). On April 18, 2013, Wells Fargo voluntarily discontinued the 2010 action.
In July 2018, the plaintiff commenced this action to foreclose the mortgage against Evans, among others. Evans interposed an amended answer in which he asserted, among other things, an affirmative defense that the action was time-barred and a counterclaim pursuant to CPLR 1501(4) to cancel and discharge of record the mortgage. Subsequently, Evans moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him as time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In an order dated January 22, 2020, the Supreme Court, among other things, granted those branches of Evans's motion. In an order and judgment dated March 2, 2020, the court, in effect, granted those branches of Evans's motion and canceled and discharged of record the mortgage. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Capital One, N.A. v Ludden, 192 AD3d 752). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Capital One, N.A. v Ludden, 192 AD3d at 752-753 [internal quotation marks omitted]; see Citimortgage, Inc. v Ford, 186 AD3d 1609).
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced" (U.S. Bank N.A. v Bhimsen, 206 AD3d 846, 848; see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003).
Here, Evans established that the six-year statute of limitations began to run on the entire debt in February 2010, when Wells Fargo commenced the 2010 action (see HSBC Bank USA, N.A. v Waldman, 210 AD3d 664, 665-666; U.S. Bank N.A. v Salvodon, 189 AD3d 925, 926). Since the plaintiff did not commence this action until July 2018, more than eight years after the debt was accelerated, Evans demonstrated, prima facie, that this action was untimely (see HSBC Bank USA, N.A. v Waldman, 210 AD3d at 666).
In opposition, the plaintiff failed to raise a triable issue of fact (see Everhome Mtge. Co. v Aber, 39 NY3d 949). Contrary to the plaintiff's contention, the voluntary discontinuance of the 2010 action did not serve to reset the statute of limitations (see CPLR 3217[e]; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 917). Further, the plaintiff failed to demonstrate that Wells Fargo lacked standing to commence the 2010 action, and that the statute of limitations therefore never began to run on the full debt (see Wilmington Sav. Fund Socy., FSB v Rosenbaum, 197 AD3d 1132, 1133). In any event, since the 2010 action was not dismissed "based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated," the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the 2010 action due to Wells Fargo's alleged lack of standing (CPLR 213[4][a]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of Evans's motion which were for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court