Flushing Sav. Bank v Ellis (2023 NY Slip Op 03339)

Flushing Sav. Bank v Ellis

2023 NY Slip Op 03339

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-02569
2019-02570
 (Index No. 700358/13)

[*1]Flushing Savings Bank, respondent,
v
Cuvas Ellis, appellant, et al., defendants.

Cuvas Ellis, Queens, NY, appellant pro se.
Reed Smith, LLP, New York, NY (Andrew B. Messite, Kerren B. Zinner, and Yimell Suarez of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Cuvas Ellis appeals from (1) a decision of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated December 17, 2018, and (2) an order of the same court, also dated December 17, 2018. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and affirmative defenses, and for an order of reference, and denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him and for an award of costs and an attorney's fee.

DECISION & ORDER
Motion by the plaintiff to dismiss the appeals on the ground that the decision and the order were rendered academic by an order of the same court (Lance Evans, J.), dated September 23, 2021, and cross-motion by that defendant, inter alia, to allow the appeals to proceed. By decision and order on motion of this Court dated September 16, 2022, the motion and the cross-motion were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the cross-motion, and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see CPLR 5512[a]; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510); and it is further,
ORDERED that the branch of the motion which is to dismiss the appeal from the decision is denied as academic; and it is further,
ORDERED that the branch of the motion which is to dismiss the appeal from the order dated December 17, 2018, is granted to the extent that the appeal from so much of the order dated December 17, 2018, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Cuvas Ellis, to strike [*2]his answer and affirmative defenses, and for an order of reference is dismissed, and that branch of the motion is otherwise denied; and it is further,
ORDERED that the branch of the cross-motion of the defendant Cuvas Ellis which is to allow the appeals to proceed is denied as academic in light of our determination on the motion and the appeals, and the cross-motion is otherwise denied; and it is further,
ORDERED that the order dated December 17, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2013, the plaintiff commenced this action against the defendant Cuvas Ellis (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Laurelton. The defendant interposed an answer, asserting affirmative defenses alleging, inter alia, that the plaintiff lacked standing and failed to comply with RPAPL conditions precedent.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him and for an award of costs and an attorney's fee, again alleging that the plaintiff lacked standing, and also that the plaintiff failed to comply with conditions precedent, or timely file a certificate of merit. In an order dated December 17, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
Insofar as relevant here, in an order dated September 23, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's subsequent motion which was to vacate so much of the order dated December 17, 2018, as granted those branches of the plaintiff's prior motion which were for summary judgement on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference, thus rendering academic the defendant's appeal from that portion of the order dated December 17, 2018 (see Wells Fargo Bank, N.A. v Daniel, 203 AD3d 1219, 1220). Accordingly, our review is limited to so much of the order dated December 17, 2018, as denied the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him and for an award of costs and an attorney's fee.
The defendant contends that the plaintiff failed to comply with the conditions precedent to foreclosure as set forth in the RPAPL. "'[A] party cannot succeed on a motion for summary judgment by simply pointing out gaps in the opposing party's case'" (U.S. Bank N.A. v Bhimsen, 206 AD3d 846, 849, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 24), and "'[a] defendant still has to meet its burden, on a cross motion for summary judgment dismissing the complaint, of establishing that [a] condition precedent was not fulfilled'" (Wells Fargo Bank, N.A. v McMahon, 202 AD3d 886, 888, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24).
Here, in his affidavit submitted in support of his cross-motion for summary judgment dismissing the complaint insofar as asserted against him and for an award of costs and an attorney's fee, the defendant merely denied receipt of the RPAPL 1304 90-day notice, and otherwise failed to mention the plaintiff's RPAPL 1306 filing which appears in the record. A "mere denial of receipt is insufficient to 'win the day' in motion practice" (U.S. Bank N.A. v Bhimsen, 206 AD3d at 849, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24). In addition, the defendant has not even denied receipt of the RPAPL 1303 notice that the plaintiff presumably served on the defendant as set forth in the affidavit of service which also appears in the record on appeal.
The defendant has failed to establish that the Supreme Court improvidently exercised its discretion in declining to dismiss the complaint, or award other relief, based on the plaintiff's untimely filing of the certificate of merit in compliance with CPLR 3012-b (see Bank of N.Y. Mellon [*3]v Silverberg, 201 AD3d 695, 696-697).
Accordingly, the Supreme Court properly denied the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him and for an award of costs and an attorney's fee, without regard to the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court