| **Bank of N.Y. Mellon v Fergus** |
|:---:|
| 2024 NY Slip Op 31121(U) |
| March 27, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 507218/2015 |
| Judge: Cenceria P. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 7th day of December 2022.

P R E S E N T:
HON. CENCERIA P. EDWARDS, C.P.A.,

Justice.

------------------------------------------------------------------X

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS INC., ASSET-BACKED CERTIFICATES, SERIES 2007-SD1,

Plaintiff(s),

-against-

RODNEY R. FERGUS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF RUTH FERGUS; THE CREDIT BUREAU OF NEW YORK, INC.; M ZOAREZ, INC.; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD,

Defendant(s).

------------------------------------------------------------------X

**ORDER**

Calendar #(s):      4

Index #:      507218/2015

Mot. Seq. #(s):      4

The following e-filed papers read herein:

| | NYSCEF Doc. Nos.: |
|---|---|
| Notice of Motion, Affidavits (Affirmations), and Exhibits | 109-119, 125 |
| Opposing Affidavits (Affirmations) and Exhibits | 126-132 |
| Reply Affidavits (Affirmations) and Exhibits | 133-136 |

This is an action to foreclose a mortgage encumbering the residential real property at 820 Putnam Avenue, Brooklyn, NY 11221. Defendant Rodney R. Fergus, Individually and as Executor of the Estate of Ruth Fergus ("Defendant"), moves for summary judgment dismissing the complaint on the grounds of lack of personal jurisdiction and the statute of limitations.

**RELEVANT PROCEDURAL HISTORY**

The complaint alleges that in February 2007 defendant's decedent Ruth Fergus, former owner of the subject premises, executed and delivered to Plaintiff's predecessor a note, secured by the subject mortgage, in the principal sum of $357,000.00, and she failed to make the monthly

payments commencing with the payment due April 1, 2007. The decedent was allegedly served with process in July 2015, but did not appear or answer the complaint.[1]

By order dated March 25, 2019, the Court (Noach Dear, J.) granted the motion of Defendant for leave to file an answer as the representative of the estate of the decedent, who was his mother (*see* NYSCEF doc. #70). On October 23, 2019, Defendant opposed Plaintiff's motion for a Judgment of Foreclosure and Sale and e-filed an answer, which Plaintiff rejected (*see* NYSCEF doc. #s 95 and 102). By order dated January 28, 2020, the court granted the motion to the extent of ordering the caption amended to substitute Defendant, individually and as executor of the decedent's estate, for the decedent; it also formally vacated the order of reference issued in September 2017 and compelled Plaintiff to accept Defendant's answer (*see* NYSCEF doc. #108).

## DISCUSSION

Initially, this Court rejects Plaintiff's contention that Defendant's sale of the subject premises in April 2018 extinguished the estate's interest in this action, thereby mooting this motion. Justice Dear twice rejected this argument, noting that since Plaintiff has not waived a deficiency judgment against the estate, it remains a necessary party notwithstanding that Defendant, in his role as executor, has apparently sold the premises (*see* NYSCEF doc. #s 70 and 95). Plaintiff has not shown that the circumstances have changed.

## LEGAL STANDARD ON SUMMARY JUDGMENT

Summary judgment is a drastic remedy that will be granted only if the movant has demonstrated, through submission of evidence in admissible form, the absence of any material issues of fact (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]), and has affirmatively established the merit of his or her cause of action or defense (*see Zuckerman v New York*, 49 NY2d 557, 562 [1980]). A failure to make a *prima facie* showing of entitlement to judgment as a matter of law "requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). If a movant makes the *prima facie* showing, the burden then shifts to the non-movant to raise a material issue of fact requiring a trial (*see id.*). Courts must view the evidence in the light most favorable to the non-movant (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932 [2007]), and draw all reasonable inferences in his or her favor (*see Haymon v Pettit*, 9 NY3d 324, 327, n* [2007]).

---

[1] The decedent, Ruth Fergus, died on September 2, 2016, at the age of 100 (*see* NYSCEF doc. #40, p.107).

[* 2]

## PERSONAL JURISDICTION

Defendant argues that personal jurisdiction is lacking because when the decedent was served in 2015[2], she was 99 years old and suffering from advanced dementia, such that she was mentally incompetent and, thus, incapable of understanding and defending this action, making the service invalid. Defendant and the decedent's niece, Anita Nurse, submit personal affidavits attesting that the decedent could not have understood the significance of any legal papers due to her mental condition (*see* NYSCEF doc. #s 112-113). However, since neither affiant professes medical expertise, this Court cannot simply accept their diagnoses of the decedent's condition.

Defendant also submits a purported page from the decedent's medical records from a September 2014 visit to New York Methodist Hospital (*see* NYSCEF doc. #108). However, as the document is not certified, it is not in admissible form, and, thus, cannot be considered in support of Defendant's motion (*see Zuckerman*, 49 NY2d at 562 [proponent of summary judgment bears "the strict requirement" to submit "evidentiary proof in admissible form"]).

In any event, even if the decedent was mentally incompetent when served, this does not render the service a nullity. "An incapacitated individual who has not been judicially declared incompetent may sue or be sued in the same manner as any other person..." (*Linghua Li v Xiao*, 175 AD3d 672, 673-74 [2d Dept 2019]). Hence, contrary to Defendant's contention, the remedy for the decedent's mental incapacity would not be dismissal of the complaint against her, but the appointment of a guardian ad litem pursuant to CPLR §§ 1201 and 1202 (*see id.; Piggott v Lifespire, Inc.*, 149 AD3d 785, 786 [2d Dept 2017]). As the decedent's interests in this action are now represented by Defendant, as the executor of her estate, that remedy is moot.

## STATUTE OF LIMITATIONS

Defendant also argues this action is time-barred due to Plaintiff's prior action to foreclose on the subject mortgage. CPLR § 3212 (e) permits a party to move for summary judgment on, *inter alia*, any of the grounds for dismissal enumerated in CPLR § 3211 (a) or (b), and

> "[o]n a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. Once this showing has been made, the burden shifts to the plaintiff to aver evidentiary facts establishing that the action was timely or to raise [a question of fact] as to whether the action was timely"

---

[2] Service was by delivery of the papers to Defendant, as a person of suitable age and discretion (*see* CPLR § 308[2]).

3

[* 3]

(*Bank of NY Mellon v Craig*, 169 AD3d 627, 628 [2d Dept 2019] [internal quotation marks and citations omitted]).

"As a general matter, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding the commencement of the action" (*Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 982 [2d Dept 2012], *citing* CPLR 213 [4]). In addition, "'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (*id, quoting EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2d Dept [2001]). "An acceleration of a mortgage debt occurs, inter alia, when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (*Deutsche Bank Natl. Trust Co. v Ebanks*, 189 AD3d 1535, 1536-1537 [2d Dept 2020]).

Defendant submits a copy of the complaint filed on July 31, 2008 under index number 22266/2008, commencing an action against the decedent to foreclose on the same mortgage, wherein Plaintiff alleged the same April 1, 2007 default date and declared the entire principal balance due (*see* NYSCEF doc. #116, ¶¶ 8-9). This establishes, *prima facie*, that: 1) the subject mortgage was accelerated on July 31, 2008; 2) the statute of limitations to collect on the debt expired on July 31, 2014; and 3) the instant action commenced on June 11, 2015 was untimely.

In the face of Defendant's *prima facie* showing, the burden shifts to Plaintiff "to raise a triable issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (*Kitty Jie Yuan v 2368 W. 12th St., LLC*, 119 AD3d 674, 674 [2d Dept 2014]). Plaintiff argues that it lacked standing to accelerate the mortgage and commence a foreclosure in 2008. Defendant points out the inherent contradiction of Plaintiff's present argument, in that the 2008 action was commenced not by a predecessor-in-interest, but by Plaintiff itself. It is noted that under the Foreclosure Abuse Prevention Act ("FAPA"), enacted December 30, 2022, the law now provides, *inter alia*, that where, as in the instant action, a statute of limitations defense

"is based on a claim that the [loan] instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based upon an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR § 213 [4][a]).

Hence, under the presently governing law, Plaintiff's argument lacks merit. The parties do not discuss this, however, as the motion was fully submitted shortly before FAPA's enactment.

FAPA applies even to pre-2023 cases, so long as a judgment of foreclosure and sale has not been enforced (*see U.S. Bank N.A. v Outlaw,* 217 AD3d 721, 722-723 [2d Dept 2023]; *Sycp, LLC v Evans,* 217 AD3d 707, 709 [2d Dept 2023]; *MTGLQ Invs., L.P. v Singh,* 216 AD3d 1087, 1088 [2d Dept 2023]). However, appellate courts have also started remitting cases for the trial courts to consider arguments regarding FAPA's constitutionality (*see e.g., Sarkar v Deutsche Bank Trust Co. Ams.,* ___AD3d___, 2024 NY Slip Op 01211, *2 [2d Dept 2024]; *HSBC Bank USA v Gifford,* ___AD3d___, 2024 NY Slip Op 00678, *4-5 [1st Dept 2024]). For the reasons discussed below, there is no need to request additional argument addressing FAPA because Plaintiff's arguments are unavailing even under the pre-existing law.

Plaintiff argues that "[t]he 2008 action cannot serve as a valid acceleration of the Mortgage because Plaintiff did not come into possession of the original Note until March 19, 2015" (NYSCEF doc. #126, ¶22). However, Plaintiff also asserts, based on an affidavit by Mariah Royce, a document verification specialist employed by loan servicer, NewRez LLC f/k/a New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing ("NewRez"), that "the original Note was not received by Plaintiff until April 10, 2012" (*see id.* #126, ¶24). Plaintiff then states, "based upon her review of the records [Royce] can attest that the original Note was not received **by Plaintiff's custodian** until at least April 10, 2012" (*id.,* ¶30 [emphasis added]).

Notwithstanding these inconsistencies, Plaintiff's initial focus on possession of the note appears to be misplaced, as that is not the only way to acquire standing. To the contrary,

> "[i]n a foreclosure action, a plaintiff has standing if it is the holder **or assignee of the underlying note** at the time the action is commenced. A plaintiff may demonstrate that it is the holder or assignee of the underlying note **by showing either a written assignment or physical delivery of the note**" (*21st Mtge. Corp. v Adames,* 153 AD3d 474, 476 [2d Dept 2017] [internal citations omitted] [emphasis added]).

In the 2008 action's verified complaint, Plaintiff claimed that after the mortgage was recorded on April 5, 2007, "[t]he **note and mortgage were thereafter duly assigned to plaintiff** by an assignment of mortgage duly executed" and that "the plaintiff is still the owner and holder of the note and mortgage" (*see* NYSCEF doc. #116, ¶¶ 3-4 [emphasis added]). Since an assignment of the note is all that is needed to confer standing to foreclose, and the 2008 complaint asserted that the note had been duly assigned to Plaintiff, the present representation that Plaintiff or its custodian took possession of the note years later in 2012 or 2015 does not, in and of itself, undermine Plaintiff's standing to accelerate the mortgage and commence an action in 2008.

Plaintiff also attacks the validity of the assignment upon which its standing in the 2008 action was based, arguing that the purported assignor, Mortgage Electronic Registration Systems, Inc., acting as nominee for the original lender ("MERS"), lacked authority to assign the subject note. According to Plaintiff, "the Second Department has already ruled [that] unless a party demonstrates that the original note was delivered to MERS prior to the execution of the assignment, standing cannot be established" (NYSCEF doc. #126, ¶¶ 31-32, citing *Citibank, N.A. v Herman*, 125 AD3d 587 [2d Dept 2015]). However, in *Herman* it was the defendants who moved for summary judgment and the Court found that they had "established, prima facie, that MERS was never the holder of the note and was without authority to assign the note to the plaintiff" (*Herman, supra*, 125 AD3d at 589). Hence, the *Herman* Court's statement that the plaintiff failed to establish delivery of the note to MERS before execution of the assignment was made in the context of that plaintiff's burden to submit evidence raising a triable issue of fact in response to the moving defendants' *prima facie* showing that MERS never held the note. That is distinguishable from the instant case where Defendant expressly relies on Plaintiff's standing in the 2008 action. As standing was never challenged within that action, Defendant met his *prima facie* burden as the proponent of summary judgment by simply submitting the 2008 complaint, wherein Plaintiff vouched for the validity of the MERS assignment. It is also noted that Plaintiff reiterated that factual assertion when it obtained an order of reference in the 2008 action.

To satisfy its own burden Plaintiff need not affirmatively establish that it lacked standing to commence the 2008 action, but only raise a triable issue of fact. As discussed, Plaintiff relies on the affidavit of Royce, who based her assertions on a review of the records of her employer and Plaintiff's servicer, NewRez. "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (*Autovest v Cassamajor*, 195 AD3d 672, 673 [2d Dept 2021]). "Evidence of the contents of business records is admissible only where the records themselves are introduced. Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay" (*Fed. Natl. Mtge. Assn. v Brottman*, 173 AD3d 1139, 1141 [2d Dept 2019]).

Defendant argues, *inter alia*, that the Royce affidavit, which was executed on November 26, 2021, is deficient because "it relies entirely on business records of a loan servicer that did not even exist in 2008" (*see* NYSCEF doc. #133, ¶14). Royce does not specifically identify the records or documents upon which she based her assertions regarding when Plaintiff's custodian

6

came into possession of the original note. The exhibits annexed to her affidavit, totaling nearly 70 pages, include a printout of what looks like a screenshot from a computer database indicating that the note was in custody in Dallas, and listing the date of possession as April 10, 2012 (*see* NYSCEF doc. #130, p. 44). The exhibits also include a copy of the limited power of attorney, executed on February 6, 2020, appointing NewRez as Plaintiff's servicer and attorney-in-fact for the subject loan (*see id.*, pp. 6-42). Tellingly, the affidavit is silent regarding the holder or location of the note before April 10, 2012, and fails to explain the source of the information. Since the records upon which Royce based her factual assertions show that NewRez started servicing the loan nearly eight years after the note purportedly came into Plaintiff's custodian's possession, and 12 years after the 2008 action was commenced, she offers no probative evidence as to whether MERS held the note as of the August 9, 2007 date of its assignment to Plaintiff, and thus, whether Plaintiff had standing to accelerate the mortgage and commence that action. The court thus finds that Plaintiff failed to raise a triable issue of fact irrespective of which law governs the analysis.

Accordingly, the above-referenced motion by Defendant, for, *inter alia*, summary judgment dismissing the complaint is **GRANTED to the extent** that it is hereby:

**ORDERED** that this action and all claims asserted in the complaint are dismissed against defendant Rodney R. Fergus, Individually and as Executor of the Estate of Ruth Fergus; and it is further

**ORDERED** that the notices of pendency filed in the Office of the Clerk of Kings County on June 11, 2015, May 2, 2018, and August 19, 2021 against the subject premises located in Kings County, known as 820 Putnam Avenue, Brooklyn, New York, 11221 and designated as Block 1652, Lot 15 on the Tax Map of Kings County, be and hereby are cancelled and discharged; and the County Clerk is directed, upon payment of the proper fees, if any, to enter upon the margin of the record of same a notice of cancellation referring to this Order.

The foregoing constitutes the Decision and Order of this Court.

ENTER,

Dated: March 27, 2024

_____

Hon. Cenceria P. Edwards, JSC, CPA

7

[* 7]