Mills v Deutsche Bank Natl. Trust Co. (2025 NY Slip Op 00854)

Mills v Deutsche Bank Natl. Trust Co.

2025 NY Slip Op 00854

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-04314
 (Index No. 508829/21)

[*1]Demona Mills, respondent, 
v
Deutsche Bank National Trust Company, etc., appellant.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 29, 2022. The order granted the plaintiff's motion for summary judgment on the complaint and dismissing the defendant's counterclaim to recover the mortgage debt.
ORDERED that the order is affirmed, with costs.
In February 2014, Deutsche Bank National Trust Company (hereinafter Deutsche Bank), commenced an action to foreclose the subject mortgage against Demona Mills, among others (hereinafter the 2014 foreclosure action). In an order dated November 1, 2016, the Supreme Court directed dismissal of the 2014 foreclosure action.
In April 2021, Mills commenced the instant action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. Deutsche Bank interposed an answer asserting several affirmative defenses and a counterclaim to recover the mortgage debt. Thereafter, Mills moved for summary judgment on the complaint and dismissing the counterclaim, arguing that the subject mortgage debt was accelerated by the commencement of the 2014 foreclosure action and, therefore, that the statute of limitations expired in 2020. Deutsche Bank opposed the motion. In an order dated April 29, 2022, the Supreme Court granted the motion. Deutsche Bank appeals.
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom." An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Sarkar v Deutsche Bank Trust Co. Ams., 225 AD3d 641, 643 [internal quotation marks omitted]). Here, in support of her motion, Mills established, prima facie, that the mortgage debt was accelerated, and that the statute of limitations [*2]began to run, in February 2014, when Deutsche Bank commenced the 2014 foreclosure action, in which it elected to call due the entire amount secured by the mortgage. Since the instant action was commenced more than six years later in 2021, Mills established, prima facie, that an action to foreclose the mortgage was time-barred (see CPLR 213[4]; Sarkar v Deutsche Bank Trust Co. Ams., 225 AD3d at 641). Given this showing, Mills also established, prima facie, that Deutsche Bank's counterclaim was time-barred (see RPAPL 1301[4]; Sarkar v Deutsche Bank Trust Co. Ams., 225 AD3d at 641).
In opposition, Deutsche Bank failed to raise a triable issue of fact. Even under the law in effect at the time the motion was decided, Deutsche Bank failed to submit sufficient evidence showing that it validly revoked the acceleration of the subject mortgage loan. A notice of intent to foreclose dated March 17, 2018, did not clearly and unambiguously state that the mortgage loan was de-accelerated and reinstituted as a monthly installment loan (see HSBC Bank USA, N.A. v Waldman, 210 AD3d 664, 666; U.S. Bank N.A. v Bhimsen, 206 AD3d 846, 849; Milone v US Bank N.A., 164 AD3d 145, 154).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly granted Mills's motion for summary judgment on the complaint and dismissing Deutsche Bank's counterclaim to recover the mortgage debt.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court